Judge Green
delivered his opinion, in which the other Judges concurred.
The only ground upon which the appellant can claim relief, is, that the slave which he purchased from the appellee was, at the time of the purchase, affected by a disease which finally proved fatal, but which was not known or suspected by the vendor, at the time of the sale. The charge in the bill, that Shackleford, after the woman was discovered to be diseased, promised to do what was right, is denied by the answer, and not proved. Of the two witnesses who speak upon this subject, in answer to leading questions by the plaintiff, one says, “I most think he did;” and the other s&ys, “ I believe he did.” If, however, such a promise were made, it would only bind him to do what, in point of law, he was bound to do.
By the civil law, the vendor who sold property at a sound price, was held bound to warrant against all secret defects, whether they were known to him or not; even if he had made no warranty or representation whatsoever, in respect to the qualities of the property. 1 Domat. 80. And this rule has been adopted in Connecticut and North and South Carolina.
But, by the common law of England, which is our law, it has been held uniformly, from the earliest times, that the vendor is not answerable for the quality of the thing sold, unless he either warrants its quality, or makes some false representation in respect to it; or, knowing of the defect, omits to disclose it; in which case, the suppression of the truth is a fraud. The same doctrine has been held in many of the United States. (See the cases cited in Peake’s Ni. Pri. Cases 115, in the note to Mellish v. Matteaux and others, and in Cooper’s Justinian 610, and Dunlop v. Waugh, Peake’s Ni. Pri. Cases 123.)
*8 If we doubted whether the rule of the civil law or that of the common law were the most just or convenient, we should be bound to adhere to the latter.
The order dissolving the injunction should be affirmed.